THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    Email: Gavin.Greene@usdoj.gov

JS-6

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. CV 07-07977 SJO (PLAx) |
|     Plaintiff, | Judgment Resolving Plaintiff's First, Second, and Third causes of action and Defendants' Counterclaims |
|     vs. | |
| Octavio Diaz Lizarraga, et al., | [No hearing required] |
|     Defendants. | |

Based on the Stipulation regarding Plaintiff's First, Second, and Third causes of action and Defendants' Counterclaims:

1.    On December 7, 2007, the United States filed the Complaint to Reduce Federal Income Tax Assessments to Judgment, and to Foreclose Federal Tax Liens Against Real Property (the Complaint).

1

**First Cause of Action: Reduce Federal Income Tax Assessments to Judgment**

2. Octavio Diaz Lizarraga and Elida M. Diaz (Defendants) have unpaid income tax liabilities for tax years 1990 through 2005 (the income tax years at issue).

3. As of November 7, 2008, the unpaid balance due to the United States from Defendants for unpaid income taxes liabilities, interest and penalties, and other costs for the income tax years at issue was $891,967.76.

4. Until the Judgment was entered, interest and penalties continued to accrue as allowed by law.

5. After the Judgment is entered, interest will accrue pursuant to 28 U.S.C. § 1961(c)(1).

6. The United States has a lien on the property and rights to property owned by the Defendants for the amount of the unpaid balance due.

7. The unpaid balance due to the United States for unpaid income tax liabilities for the income tax years at issue is reduced to judgment against the Defendants, resolving the first cause of action in the Complaint in favor of the United States.

**Second Cause of Action: Reduce Federal Payroll Tax Assessments to Judgment**

8. Octavio Diaz Lizarraga has unpaid employment tax liabilities for the following periods (employment tax periods at issue):

   a. 9/30/1992, 12/31/1992
   b. 9/30/1993
   c. 6/30/1994, 9/30/1994, 12/31/1994
   d. 9/30/1997, 12/31/1997
   e. 3/31/1998, 6/30/1998, 9/30/1998, 12/31/1998
   f. 3/31/1999, 6/30/1999, 9/30/1999, 12/31/1999
   g. 3/31/2000, 12/31/2000
   h. 3/31/2001, 9/30/2001, 12/31/2001

        i.        3/31/2002, 6/30/2002, 9/30/2002

        j.        3/31/2003

        k.        6/30/2005, 9/30/2005

9. As of December 31, 2007, the unpaid balance due to the United States from Octavio Diaz Lizarraga for unpaid employment taxes liabilities, interest and penalties, and other costs for the employment tax periods at issue was $242,189.91.

10. Until the Judgment was entered, interest and penalties continued to accrue as allowed by law.

11. After the Judgment is entered, interest will accrue pursuant to 28 U.S.C. § 1961(c)(1).

12. The United States has a lien on the property and rights to property owned by the Octavio Diaz Lizarraga for the amount of the unpaid balance due.

13. The unpaid balance due to the United States for the employment tax periods at issue is reduced to judgment against Octavio Diaz, resolving the second cause of action in the Complaint in favor of the United States.

**State Tax Liabilities**

14. Defendants have unpaid state income tax liabilities for tax years 1992 through 2005 (the state income tax years at issue) due to the State of California Franchise Tax Board (FTB).

15. As of November 6, 2008, the balance due to the FTB for the state income tax years at issue was $239,839.10.

16. Interest and penalties continue to accrue as allowed by law.

17. The FTB has a lien on the property and rights to property belonging to Defendants and located in the State of California for the amount of the unpaid balance due.

18. The FTB has recorded Notices of State Tax Liens on the property and rights to property owned by Defendants for the unpaid balance due.

**Third Cause of Action: Foreclose Federal Tax Liens Against the Subject Real Property**

19. Defendants own the property located at 29310 Indian Valley Road, Rolling Hills Estates, California (the property).

20. The legal description of the property is

> Lot 13 in Tract 27677, in the City of Rolling Hills Estates, County of Los Angeles, State of California, as per Map recorded in Book 699, pages 95 to 98 of Maps in the office of the County Recorder of said county. [Assessor Parcel No. 7585-011-054.]

21. The United States has Federal tax liens on all property owned by Defendants for the unpaid balance due for income tax liabilities for the tax years at issue.

22. The United States has Federal tax liens on all property owned by Octavio Diaz for the unpaid balance due for employment tax liabilities for the employment tax periods at issue.

23. The FTB has state tax liens on all property owned by Defendants for the unpaid balance due for state income tax liabilities for the tax years at issue.

24. The United States has the right to judicial foreclosure of its Federal tax liens against the property.

25. The FTB has the right to exercise any and all rights under state law to enforce Defendants' unpaid income tax liabilities.

**United States Stay of its Right to Foreclose**

26. The United States will stay its right to foreclose or levy to collect the judgment so long as Defendants comply with the following requirements:

   a. <u>Lump sum payment</u>.
   
   i. Within one month of the date of the Order approving this stipulation (the Approval Order) is signed by the

      Court, Octavio Diaz will take all necessary action to apply for a loan secured by the property (the New Loan).

  1. The New Loan will be for the maximum amount the provider of the New Loan will approve but not less than the lesser of:

    a. 80% of the bank's appraised value of the property or

    b. $500,000.

  2. The New Loan will be secured by a first lien deed of trust.  The United States and the FTB will subordinate their interests to the New Loan.

  3. The New Loan (including the distribution of proceeds from the New Loan) must be approved in writing by the United States and the FTB.

  4. Defendants will use their best efforts to have the New Loan close and fund within 90 days of the application.

  5. If the New Loan does not close and fund within 180 days after entry of the Approval Order, the United States may foreclose to collect the judgment.

  6. If the New Loan does not close and fund within 180 days after entry of the Approval Order, the FTB may exercise any and all rights under state law to collect the unpaid liabilities.

 ii. As part of the closing for the mortgage, the proceeds will be paid as follows:

  1. Fees and costs of the mortgage;

5

    2. To Bank of America to pay the existing mortgage on the property;

    3. To the County of Los Angeles for any unpaid property tax liabilities on the property;

    4. To the Los Angeles County Department of Child Support Services;

    5. The remainder to the Internal Revenue Service and Franchise Tax Board based on their respective assessment dates as previously stipulated and ordered by the Court.

  b. <u>Monthly payments</u>.

   i. Defendants will make monthly payments to the Internal Revenue Service as follows:

    1. $6,500 per month for the first 12 months.

    2. $7,500 per month for the next 12 months;

    3. $9,000 per month thereafter until the balance due for the income tax years at issue and employment tax periods at issue is paid in full.

   ii. Defendants may not designate how the payments are to be applied.

   iii. The IRS will apply the payments to the unpaid income tax liabilities for the income tax years at issue as described in the first cause of action and the unpaid employment taxes for the employment tax periods at issue as described in the second cause of action in the best interest of the United States in accordance with Revenue Procedure 2002-26.

|   |   |   |   |
|---|---|---|---|
| | | iv. | Payments must be made in the form of a cashier's check. |
| | | v. | Payments must be made payable to the United States Treasury and sent to |
| | | | 1. Internal Revenue Service |
| | | | Attn: Revenue Officer Larry Atkins |
| | | | 9350 E. Flair Dr. |
| | | | El Monte, California 91731-2828. |
| | | | 2. The United States may change the address to which the payment must be made by notifying Defendants in writing by certified mail. |
| | | vi. | Payments are due and must be received by the IRS on the 21st day of the month. The First such payment is due on the later of: |
| | | | 1. Twenty one (21) days after the Order approving the stipulation; |
| | | | 2. January 21, 2009. |
| | c. | <u>Filing Requirements</u>. Defendants must timely file all tax returns with the IRS as required by law, including but not limited to the following: | |
| | | i. | Defendants must timely file their Federal income tax returns (Form 1040) with the IRS as required by law. |
| | | ii. | Octavio Diaz must timely file Employer's Quarterly Federal Tax Return (Form 941) with the IRS as required by law. |
| | | iii. | Octavio Diaz must timely file Employer's Annual Federal Unemployment (FUTA) Tax Return (Form 940) with the IRS as required by law. |

7

        d.    <u>Estimated Tax payments</u>. Defendants must make timely payments to the IRS as required by law, or pursuant to a payment plan approved by the IRS, including but not limited to the following:

            i.    Defendants must make estimated income tax payments as required by law.

            ii.    Octavio Diaz must make estimated employment tax payments as required by law.

27.    The IRS will have sole, non-reviewable, discretion to determine whether Defendants are in compliance with the requirements listed above.

28.    If the IRS determines that Defendants are not in compliance with the requirements of this agreement, the IRS will give Defendants written notice of such non-compliance by certified mail and the opportunity to cure within 15 days of the mailing of such notice.

29.    If the Defendants fail to cure the non-compliance within 15 days of the mailing of the notice, the United States may proceed to foreclose on the property as set forth in the third cause of action and neither Octavio Diaz Lizarraga nor Elida M. Diaz may oppose such relief other than on the basis that the IRS failed to give Defendants written notice of by certified mail and the opportunity to cure within 15 days of the mailing of such notice.

30.    In the event of the death of Octavio Diaz Lizarraga, the United States will stay its right to foreclose or take other administrative collection action to collect the judgment for 90 days from the date of death.

31.    In the event of the total disability of Octavio Diaz Lizarraga, the United States will stay its right to foreclose or take other administrative collection action to collect the judgment for 90 days from the date the disability occurred.

**FTB Stay of its Rights to Exercise Enforcement Actions**

32. The FTB will stay its right to exercise enforcement actions so long as Defendants comply with the following requirements:

    a. <u>Lump sum payment</u>. See above at paragraph 26a.

    b. <u>Monthly payments</u>.

        i. Defendants will make monthly payments to the FTB as follows:

            1. $1,200 per month until the balance due for the state income tax years at issue is paid in full.

        ii. Defendants may not designate how the payments are to be applied.

        iii. The FTB will apply the payments to the unpaid income tax liabilities for the state income tax years at issue in the best interest of the State of California.

        iv. Payments must be made in the form of a cashier's check.

        v. Payments must be made payable to the Franchise Tax Board and sent to Franchise Tax Board, P.O. Box 2952, Sacramento, California 95812, Attention Collection Advisory Team at MS-A340. The FTB may change the address to which the payments must be made by notifying Defendants in writing by certified mail.

        vi. Payments are due and must be received by the FTB on the 21st day of the month. The First such payment is due on the later of:

            1. Twenty one (21) days after the Order approving the stipulation;

            2. January 21, 2009.

        c.    <u>Filing Requirements</u>.  Defendants must timely file all state tax returns with the FTB as required by law, including but not limited to their California income tax returns (Form 540).

        d.    <u>Tax Payments</u>.  Defendants must make timely payments to the FTB as required by law, or pursuant to a payment plan approved by the FTB, including but not limited to estimated income tax payments and other assessments related to any tax year, including the tax years at issue as required by law.

33. The FTB will have sole, non-reviewable, discretion to determine whether Defendants are in compliance with the FTB's requirements listed above.

34. If the FTB determines that Defendants are not in compliance with the requirements of this agreement, the FTB will give Defendants written notice of such non-compliance by certified mail and the opportunity to cure within 15 days of the mailing of such notice.

35. If the Defendants fail to cure the non-compliance within 15 days of the mailing of the notice, the FTB may exercise any and all rights under state law.

36. In the event of the death of Octavio Diaz Lizarraga, the FTB will stay its right to enforcement actions for 90 days from the date of death.

37. In the event of the total disability of Octavio Diaz Lizarraga, the FTB will stay its enforcement actions for 90 days from the date the disability occurred.

**Notice to Defendants**

38. Notice to Defendants shall be made by certified mail (with a copy to Defendant's counsel) addressed as follows:

        a.    Octavio Diaz Lizarraga
              Elida M. Diaz
              29310 Indian Valley Road
              Rolling Hills Estates, CA 90275-4813

    b.  Daniel I. Barness

      Spiro Moss Barness LLP

      11377 West Olympic Blvd., Fifth floor

      Los Angeles, CA 90064

39. Defendants may change the addresses listed above by making a request in writing to the United States and the FTB at the same address where payments are to be delivered.

**Defendants' Counterclaims**

40. Defendants are not entitled to the relief requested in their First Counterclaim for Actual and Punitive Damages for Violation of Confirmation Order and of Discharge Injunction, resolving the First Counterclaim in favor of the United States.

41. Defendants are not entitled to the relief requested in their Second Counterclaim for Injunctive Relief resolving the Second Counterclaim in favor of the United States.

42. Defendants are not entitled to the relief requested in their Third Counterclaim for Declaratory Relief resolving the Third Counterclaim in favor of the United States.

Case 2:07-cv-07977-SJO-PLA   Document 42   Filed 11/12/08   Page 12 of 12   Page ID #:259

**Attorney's Fees**

43.  As between plaintiff and the parties, each party shall bear its own costs and attorney's fees in connection with this case.

**IT IS SO ORDERED.**

DATED: 11/12/08   /S/  S. James Otero
_____   _____
                          S. JAMES OTERO
                          United States District Judge

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division


GAVIN L. GREENE
Assistant United States Attorney
Attorneys for United States of America

